**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **COCO JIMPSON, on behalf of herself and others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BLUE RIBBON EVENTS LLC d/b/a MADHOUSE SPORTS BAR & GRILL, a Georgia Domestic Limited Liability Company, and MIRNA ELIE-MASSAS, as an individual,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO:**<br><br>**FAIR LABOR STANDARDS ACT ACTION** |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff COCO JIMPSON ("Plaintiff" or "Jimpson"), on behalf of herself and others similarly situated (collectively "Plaintiffs"), by and through the undersigned counsel hereby files this Complaint against BLUE RIBBON EVENTS LLC d/b/a MADHOUSE SPORTS BAR & GRILL, a Georgia Domestic Limited Liability Company, and MIRNA ELIE-MASSAS, as an individual (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard

wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendants minimum wage, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every employee who was subject to the Defendants' tip credit pay scheme within the past three (3) years.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to the FLSA and 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within the jurisdiction of this Court.

**PARTIES**

5. Plaintiff Coco Jimpson ("Jimpson"), resides in this District and is a former employee of Defendant, having been employed by Defendant from approximately July 2023 to present.

6. Plaintiffs are/were employees of Defendants within the meaning of the FLSA.

7. Plaintiffs are all current or former servers who worked at Defendants' restaurant, located at 5280 Old National Hwy, College Park, Georgia, 30349 at any time starting three (3) years before this Complaint was filed, up to the present.

8. Defendant BLUE RIBBON EVENTS LLC d/b/a MADHOUSE SPORTS BAR & GRILL ("Madhouse Sports Bar") is a Georgia Limited liability Company with its principal place of business and principal office address located at 3163 Cannon Street, Atlanta, Georgia, 30331. At all times material hereto (2022-2025), Defendant Madhouse Sports Bar is/was an "employer" or "joint employer" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant Madhouse Sports Bar may be served by and through its registered agent, Mirna Elie-Massas, at 3163 Cannon Street, Atlanta, Georgia, 30331.

9. Defendant Mirna Elie-Massas ("Elie-Massas") is, on information and belief, an owner, operator, and Chief Executive Officer of c. She is subject to the

personal jurisdiction of this Court and may be personally served at 513 Palmer Avenue Peachtree City, Georgia 30269-1481, or wherever she may be found.

10. Defendants may be served under Rule 4 of the Federal Rules of Civil Procedure.

## COVERAGE

11. At all material times during the last three years (2022-2025), Defendant Madhouse Sports Bar was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

12. At all material times during the last three years (2022-2025), Defendant Madhouse Sports Bar was an employer as defined by 29 U.S.C. § 203(d).

13. At all material times during the last three years (2022-2025), Defendant Madhouse Sports Bar has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

14. At all material times during the last three years (2022-2025), Defendant Madhouse Sports Bar has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

15. At all material times during the last three years (2022-2025), Defendant Madhouse Sports Bar has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

16. At all material times during the last three years (2022-2025), Defendant Madhouse Sports Bar has had two or more employees who used the telephone and/or computers to place and accept business calls with out of state vendors on a daily basis in the normal course of its business.

17. Additionally, Plaintiff was an employee of Madhouse Sports Bar and was, at all times relevant to this action (2022-2025), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as she was required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

18. At all times relevant to this action, Defendant Sutherland regularly exercised the authority to hire and fire employees of Madhouse Sports Bar.

19. At all times relevant to this action, Defendant Sutherland determined the work schedules for the employees of Madhouse Sports Bar.

20. At all times relevant to this action, Defendant Sutherland controlled the finances and operations of Madhouse Sports Bar.

21. By virtue of having regularly exercised that authority on behalf of Elie-Massas, Defendant Elie-Massas is an employer as defined by 29 U.S.C. §201, et seq.

22. At all times relevant to this action, Defendant Elie-Massas regularly exercised the authority to hire and fire employees of Madhouse Sports Bar.

23. At all times relevant to this action, Defendant Elie-Massas determined the work schedules for the employees of Madhouse Sports Bar.

24. At all times relevant to this action, Defendant Elie-Massas controlled the finances and operations of Madhouse Sports Bar.

25. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

26. During the three years prior to the filing of this Complaint, Defendants owned and operated Madhouse Sports Bar, a restaurant located in College Park, Georgia.

27. Madhouse Sports Bar is a bar and restaurant that offers food and drinks.

28. Defendants employ several servers, hosts, bussers, runners, and bartenders.

29. Plaintiff Jimpson worked for the Defendants as a server from approximately July 2023 through the present.

30. At all relevant times, Plaintiff has not been subject to any exemption from the minimum wage pay requirements of the FLSA.

31. At all relevant times, Plaintiff was compensated at an hourly rate of approximately $2.13 per hour for her work as a server.

32. Defendants paid Plaintiff and its servers pursuant to the "tip credit" (i.e. less than minimum wage plus tips.

33. At no time during her employment with Defendants was Plaintiff compensated on a salary basis.

34. Throughout Plaintiff's employment with Defendants, Defendants did not notify Plaintiff of its intent to pay via tip credit (less than minimum wage plus tips) pursuant to the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

35. Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

36. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay for all hours worked over forty in a workweek.

37. Plaintiff and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

38. As a result, Plaintiff and those similarly situated, should have received compensation at time and one half their regular rate of pay for all hours worked beyond the forty (40) hours per week.

39. Throughout Plaintiff's employment with Defendants, Defendants required Plaintiff and other tipped Madhouse Sports Bar employees to pay a "house fee" to "back of house" Madhouse Sports Bar employees.

40. Specifically, Defendants required Plaintiffs and its servers to tip out back of the house employees.

41. Plaintiff was required to surrender tips for various matters, including customer walkouts and cash drawer shortages.

42. Plaintiff was required to perform side work unrelated to her job duties each shift without compensation, including cleaning of hookahs, walls, bathrooms, and the parking lot.

43. Throughout Plaintiff's employment with Defendants, Plaintiff did in fact pay a "house fee" to Defendants each shift that she worked.

44. Defendants jointly owned, operated, and managed Madhouse Sports Bar and were all involved in the day-to-day operation of Madhouse Sports Bar.

45. The "house fees" paid by Plaintiff to Defendants were "kickbacks" within the meaning of 29 C.F.R. § 531.35, and in violation of the FLSA's requirement that minimum wages be paid "free and clear."

46. At all relevant times, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

47. In each workweek during the relevant time period, Defendants failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

48. Defendants have employed and are currently employing other individuals such as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

49. On multiple occasions, Plaintiff and the class members complained to Defendants regarding Defendants' policy not to properly compensate its servers, as well as Defendants' tip-out practices and other compensation issues.

50. In response, upon information and belief, Defendants retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

51. Defendants' failure and/or refusal to properly compensate Plaintiff and the class members at the rates and amounts required by the FLSA were willful.

52. Defendants' retaliatory conduct against Plaintiff and the class members for complaining about Defendants' pay practices was willful.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendants.

54. Plaintiff and the class members were required to tip back of house employees each shift in violation of the FLSA's requirement that minimum wages be paid "free and clear."

55. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of a free and clear minimum wage.

56. In addition, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

57. Defendants' common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

58. Further, the class members are owed overtime wages for the same reasons as Plaintiff due to Defendants' common policy violations.

59. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

60. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal

circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All service employees subject to Defendants' minimum wage violations, who worked at Defendants' restaurant within the last three years.**

61. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

62. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

63. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

64. During the relevant period, Defendants violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at

the statutorily prescribed minimum wage within a work week during one or more weeks.

65. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

66. Plaintiffs and others similarly situated (the "FLSA Collective Action Members"), are individuals who are current and former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

67. Questions that are common among the FLSA Collective Action Members include, but are not limited to:

a. whether Defendants have, and continue to, unlawfully refuse to pay their servers proper compensation, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*., for all work performed;

b. whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

68. There are numerous similarly situated current and former servers employed by Defendants in venue(s) owned and/or operated by Defendants who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly

situated employees are known to Defendants and are readily identifiable by Defendants' records.

69. Each of the named Plaintiffs consented to sue in this action pursuant to the FLSA, 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.

70. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. §§ 201, *et seq*. for failure to pay minimum wage, and for retaliation in violation of the FLSA.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 206 AND 215

**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

71. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 70 above.

72. Plaintiffs are/were entitled to be paid minimum wage for each hour worked during their employment with Defendants.

73. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiffs for the same as a result of the facts asserted in ¶¶ 26-67.

74. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants, because they did not receive the statutorily prescribed minimum wage as a result of Defendants' improper tip out requirements.

75. Defendants willfully failed to pay Plaintiffs the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

76. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

77. Defendants are unable to demonstrate good faith compliance with the FLSA as Defendants knew or reasonably should have known of their obligations to pay Plaintiffs at least the federal minimum wage for each hour worked. In fact, upon information and belief, Defendants continued to violate the FLSA long after it learned that its compensation policies were illegal.

78. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with the FLSA, 29 U.S.C. § 216(b).

79. Defendants violated the record keeping requirements of the FLSA.

80. As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorneys' fees, in accordance with the FLSA, 29 U.S.C. § 216(b).

**COUNT II: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 207**
**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

81. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 70 above.

82. Each Defendant is an "employer" or "joint employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

83. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

84. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

85. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

86. Defendants failed to pay Plaintiffs the applicable overtime wage for each hour in excess of forty (40) during each workweek in which they worked in violation of the FLSA, 29 U.S.C. § 207.

87. Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the overtime wage required under the FLSA.

88. Defendants are unable to demonstrate good faith compliance with the FLSA as Defendants knew or reasonably should have known of their obligations to pay Plaintiffs overtime pay for overtime hours worked in a given workweek. In fact, upon information and belief, Defendants continued to violate the FLSA long after it learned that its compensation policies were illegal.

89. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

## COUNT III: RETALIATION IN VIOLATION OF THE FLSA 29 U.S.C. § 215(a)(3)

**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

90. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 70 above.

91. During their employment with Defendants, Plaintiffs made complaints to Defendants that they were not being paid a proper wage, nor overtime compensation, and expressed their desire to be paid the same.

92. Following the class members' complaints, upon information and belief, Defendants retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

93. Defendants have discriminated and retaliated against Plaintiffs because they complained about Defendants' unlawful pay and employment practices in violation of 29 U.S.C. §215(a)(3).

94. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have been damaged.

95. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

96. As a result, Plaintiffs seek a judgment against Defendants for violation of 29 U.S.C. § 215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant relief as follows:

a. Award Plaintiffs an amount to be determined at trial against Defendants for unpaid minimum wages, including unlawful deductions due under the FLSA;

b. Award Plaintiffs an amount to be determined at trial against Defendants for unpaid overtime wages, including unlawful deductions due under the FLSA;

c. Award Plaintiffs liquidated damages against Defendants in the same amount as their unpaid minimum wages;

d. Award Plaintiffs liquidated damages against Defendants in the same amount as their unpaid overtime wages;

e. Award Plaintiffs prejudgment interest on all amounts owed;

f. Conditional certification of this case as a collective action under the FLSA;

g. Award Plaintiffs their reasonable attorneys' fees and costs of litigation under the FLSA; and

h. Award any and such other relief this Court deems just, equitable and proper.

Respectfully submitted this 12th day of January, 2026.

Respectfully submitted,

***/s/ Jordan P. Rose, Esq.***

Jordan P. Rose, Esq.
GA Bar No. 851471
Anthony J. Hall, Esq.
GA Bar No. 318028
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789

Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: jrose@theleachfirm.com
Email: ahall@theleachfirm.com
Email: yhernandez@theleachfirm.com
Email: aperez@theleachfirm.com
***Attorneys for Plaintiff***

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Demand is hereby made for trial by jury on all issues raised by these pleadings.

***/s/ Jordan P. Rose***
Jordan P. Rose, Esq.